The Honorable John W. Parkerson State Representative 520 Ouachita Avenue, Hot Springs, Arkansas 71901-5196
Dear Representative Parkerson:
This is in response to your request for an opinion on whether the Game and Fish Commission could "take a credit card" for the posting of a bond or payment of a fine and whether it is legally permissible for the two to three percent fee charged by credit card companies to be deducted. If it is not lawful for the fee to be deducted, you ask whether it would be lawful to increase the fine or bond posted to offset the credit card costs.
It is my opinion that the answer to the first part of your question is generally "no," and that therefore your remaining questions do not require an answer. It is my opinion that the taking of credit cards by the "Game and Fish Commission" for posting bond for such offenses would generally require legislative authorization or authorization by rule of court.[1] It is conceivable, however, under Arkansas Rule of Criminal Procedure 9.2 (b)(iii), that the judicial officer who sets the amount of the bond could authorize the acceptance of a bond secured by a credit card charge as "other property" under that rule. This question will be decided by each individual judge who sets the amount of the bond. It is my opinion that the procedure may not be authorized or implemented in a blanket fashion by the Game and Fish Commission.
You state in your request that under the present procedure, the Game and Fish Commission, upon arrest of an individual charged with fishing without a license or some other game violation, requires the posting of a cash bond.[2] In the event a cash bond cannot be posted at the point of arrest, the individual is taken to the Garland County Sheriff's Office where he is charged and a bond is posted. You also indicate that, in many instances, persons posting such cash bonds elect to forfeit the bonds and then the amount of the bond is used, presumably, to cover costs and the fine imposed for the violation.[3] You note that a group has been meeting with the Game and Fish Commission to devise a plan whereby a credit card could be used to post bond and/or pay fines for such violations. As I understand your question, the credit card would be used at the point of arrest to post bond.
The relevant law is found at Arkansas Rule of Criminal Procedure 9.2 and A.C.A. § 16-84-115 (Cum. Supp. 1991). The rule provides as follows:
 (a) The judicial officer shall set money bail only after he determines that no other conditions will reasonably ensure the appearance of the defendant in court.
 (b) If it is determined that money bail should be set, the judicial officer shall require one (1) of the following:
 (i) the execution of an unsecured bond in an amount specified by the judicial officer, either signed by other persons or not;
 (ii) the execution of an unsecured bond in an amount specified by the judicial officer, accompanied by a deposit of cash or securities equal to ten per cent (10%) of the face amount of the bond. Ninety per cent (90%) of the deposit shall be returned at the conclusion of the proceedings, provided the defendant has not defaulted in the performance of the conditions of the bond; or
 (iii) the execution of a bond secured by the deposit of the full amount in cash, or by other property,
or by obligation of qualified sureties. [Emphasis added.]
This rule allows a deposit of the full amount of the bond in cash or "other property." It is conceivable, in my opinion, that the judicial officer could set money bail, authorize the acceptance of a bond secured by a credit card charge as "other property," and comply with Rule 9.2. Game and Fish officers, however, would not be authorized under this rule to take credit cards at the point of arrest for these violations. Although these officers are authorized to "take bail," the setting of money bail, if at all, is up to the judicial officer in each case. See A.C.A. §16-84-101(5); Rule 9.2, and generally Thomas v. State,260 Ark. 512, 542 S.W.2d 284 (1976).
In light of the foregoing, it is my opinion that the Arkansas Rules of Criminal Procedure, which authorize the posting of a bond secured by the full amount in cash or "other property," might be construed to allow a judicial officer, in the exercise of his or her duties, to authorize the acceptance of a credit card for the posting of a bond pursuant to Rule 9.2 (b)(iii). The question will be left to the individual judicial officer. The amount of the bond, and any increase in the amount of the bond taken into account for credit card fees would be left to the discretion of the judicial officer. See also Op. Att'y. Gen. No. 87-380. The "Game and Fish Commission"[4] however, in my opinion, may not accept credit cards for the posting of cash bonds at the point of arrest under current law.
Additionally, it is my opinion that such action may not be taken under A.C.A. § 16-84-115, as it refers to "money" and a "sum" which, despite the varying definitions of these terms, do not include the taking of a credit card. Further, this statute authorizes the sum to be paid to a designated city or county officer and not to a Game and Fish official. Legislation would therefore appear to be indicated prior to the acceptance of a credit card for the deposit of "money in lieu of bail" under this statute.
In any event, the Game and Fish Commission cannot on its own motion implement a procedure to "take a credit card" for the posting of these cash bonds. The law contemplates the action of a judicial officer under Rule 9.2 in this regard.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] Some states authorize the use of credit cards for such purposes by statute or rule. See e.g. L. 1986 c. 708 (New York); KSA 8-2107 (Kansas); and R.C. 2937.22(c) and Rule 46 (D) (Ohio).
[2] Because it does not form the basis of your question, we do not address the validity of the posting of a cash bond at the point of arrest.
[3] I assume that your question as to the payment of fines with a credit card is in reference to the payment of fines in this manner; through forfeiture of the bond amount.
[4] By referring to the "Game and Fish Commission" taking a credit card, I assume you refer to individual Game and Fish Commission officers, who are authorized to "take bail" under A.C.A. § 16-84-102 (Cum. Supp. 1991).